*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AHMED IMTIAZ UDDIN,

        Plaintiff-Appellee,

v

SAMIRA MUKARRAM,

        Defendant-Appellant.

FOR PUBLICATION
June 24, 2026
2:33 PM

No. 377981
Oakland Circuit Court
LC No. 2023-522290-DM

Before: BORRELLO, P.J., and M. J. KELLY and ACKERMAN, JJ.

ACKERMAN, J.

In this divorce proceeding, defendant-wife appeals a postjudgment order that, among other things, awards attorney fees under MCR 3.206(D)(2)(b) based on her failure to comply with a court order. In *Alpena Co Bd of Co Rd Comm'rs v Tadajewski*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 374166); slip op at 3, this Court held that "an order of [compensatory] civil contempt . . . is not a final order appealable of right." Because an award under MCR 3.206(D)(2)(b) for noncompliance with a court order constitutes a form of compensatory civil contempt, it falls within the rule articulated in *Tadajewski*. The attorney-fee award is therefore not appealable of right, and defendant's remaining claims are likewise jurisdictionally defective. Accordingly, the appeal is dismissed.

## I. FACTS

This case arises from a divorce between plaintiff-husband and defendant-wife. As part of the July 23, 2025 judgment of divorce, the trial court ordered the parties to file a joint tax return for the 2024 tax year and to divide any resulting tax liability or refund equally. Plaintiff arranged for the preparation of the joint return and provided it to defendant, who delayed signing it. Plaintiff then filed a motion to compel defendant's compliance.

Defendant objected, asserting disagreement with the decisions made by the tax preparer selected by plaintiff, whom the parties had used during the marriage, and sought to use a different preparer. Defendant noted that the judgment of divorce did not specify that the parties use any particular tax preparer. Plaintiff responded that his tax professional believed defendant's proposed return would prompt an audit by the Internal Revenue Service. At the hearing on plaintiff's

-1-

motion, his counsel asserted that, when defendant met with plaintiff's tax preparer, defendant sought to write off approximately $42,000 in expenses against $40 in income from DoorDash. Defendant disputed that characterization, but the exchange underscored the extent of the parties' disagreement over what should be filed with the IRS.

On October 8, 2025, the trial court entered an order requiring defendant to "cooperate with [the] parties' tax preparer that they used during the marriage . . . to immediately sign and file the parties' taxes with the IRS" and authorizing plaintiff to file separately if defendant refused to comply. The court further ordered defendant to pay plaintiff $1,500 in attorney fees and costs. Defendant claims an appeal from that order.[1]

## II. STANDARD OF REVIEW

Plaintiff questions whether we have jurisdiction to review defendant's challenge to the trial court's directive that the parties file a joint tax return. "[W]hether this Court has jurisdiction is a question of law that this Court reviews de novo." *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). Moreover, "[t]he question of jurisdiction is always within the scope of this Court's review." *Walsh v Taylor*, 263 Mich App 618, 622; 689 NW2d 506 (2004). We must therefore also scrutinize whether we have jurisdiction to review even those issues for which plaintiff does not challenge our jurisdiction.

## III. ANALYSIS

Defendant raises three issues on appeal. She challenges the trial court's decision to (1) require the parties to file a joint tax return; (2) require her to cooperate with plaintiff's tax preparer or bear additional expenses; and (3) award attorney fees to plaintiff. We conclude that we lack jurisdiction over each issue. The reasons differ, however, and we address each issue in turn.

## A. JOINT TAX RETURN

Defendant first challenges the trial court's decision to order the parties to file a joint tax return. She argues that it was an abuse of the trial court's discretion to require such a tax filing in light of the parties' demonstrated conflict. We lack jurisdiction to consider this argument.

The trial court's order that the parties file a joint tax return was part of the July 23 judgment of divorce. That judgment was a final order appealable of right. See MCR 7.203(A)(1); MCR 7.202(6)(a)(i). Defendant, however, does not appeal from that judgment. Instead, she appeals from the trial court's October 8 order resolving plaintiff's motion to compel after the parties were unable to agree on finalizing the required tax return.

An appeal from the October 8 order is not a vehicle to collaterally attack the earlier July 23 final judgment. "When a final order is entered, a claim of appeal from that order must be timely filed. A party cannot wait until the entry of a subsequent final order to untimely appeal an earlier

---

[1] After oral argument, we ordered the parties to submit supplemental briefing on whether the rule of *Tadajewski* applies to an award of attorney fees under MCR 3.206(D)(2)(b).

final order." *Surman v Surman*, 277 Mich App 287, 294; 745 NW2d 802 (2007). We therefore lack jurisdiction to entertain this argument.

## B. CHOICE OF TAX PREPARER

Defendant next challenges the trial court's decision to require her to cooperate with plaintiff's tax preparer. She contends that this constituted a "modification of the Judgment of Divorce" that "was outside the scope of a post judgment motion to compel." We again conclude that we lack jurisdiction to consider this argument in an appeal of right.

Under MCR 7.203(A)(1), this Court has jurisdiction over an appeal of right from "[a] final judgment or final order of the circuit court . . . as defined in MCR 7.202(6)." Defendant did not specify which definition confers jurisdiction in the jurisdictional checklist she submitted under MCR 7.204(C)(6). Only three definitions could plausibly apply.

The first is the general definition of a final judgment in a civil case: "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties." MCR 7.202(6)(a)(i). The October 8 order does not fall within this definition. As noted, the July 23 judgment of divorce served that function.

A second possibility is MCR 7.202(6)(a)(iii), which provides that "in a domestic relations action, a postjudgment order that, as to a minor, grants or denies a motion to change legal custody, physical custody, or domicile" constitutes a "final judgment." Although this is a domestic relations action, the order at issue was not entered in response to "a motion to change legal custody, physical custody, or domicile" of a minor.

A third possibility is MCR 7.202(6)(a)(iv), which gives this Court jurisdiction to review "a postjudgment order awarding . . . attorney fees and costs under court rule or other law." MCR 7.202(6)(a)(iv). Under MCR 7.203(A)(1), however, "[a]n appeal from an order described in MCR 7.202(6)(a)(iii)-(iv) is limited to the portion of the order with respect to which there is an appeal of right." Thus, "any issue outside those challenging the award of attorney fees goes beyond our jurisdiction over these appeals." *Pioneer State Mut Ins Co v Michalek*, 330 Mich App 138, 143; 946 NW2d 812 (2019). Appellant's appeal of the award of attorney fees is not a vehicle by which this Court can review other aspects of the trial court's decision.

Any challenge to this aspect of the trial court's October 8 order therefore had to be brought by application as an appeal from "a judgment or order of the circuit court . . . that is not a final judgment appealable of right." MCR 7.203(B)(1).

## C. ATTORNEY FEES

Finally, defendant challenges the trial court's award of attorney fees. Although she does not identify a jurisdictional basis for this claim, she presumably relies on this Court's jurisdiction to review "a postjudgment order awarding . . . attorney fees and costs under court rule or other law." MCR 7.202(6)(a)(iv). We conclude that we lack jurisdiction under *Tadajewski*.

Although the trial court's handwritten order did not specify the legal authority for the award, plaintiff's motion to compel invoked MCR 3.206(D)(2)(b), and the record makes clear that

the trial court relied on that rule. Under MCR 3.206(D)(2)(b), in a domestic relations action a court may award attorney fees if "the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply."

While the rule does not explicitly use the term "contempt," it unmistakably implements the court's contempt power. Under MCL 600.1701(g), a court may punish "[p]arties to actions . . . for disobeying any lawful order, decree, or process of the court" as contempt. And "[i]f the alleged misconduct has caused an actual loss or injury to any person the court shall order the defendant to pay such person a sufficient sum to indemnify him." MCL 600.1721. This Court has repeatedly interpreted the court rule as implementing that statutory authority.[2] Such compensation may include attorney fees as part of the damages awarded. *Taylor v Currie*, 277 Mich App 85, 100; 743 NW2d 571 (2007). That is precisely what MCR 3.206(D)(2)(b) contemplates when it authorizes an award of "attorney fees and expenses" that have been "incurred because the other party refused to comply with a previous court order."

Because an award under MCR 3.206(D)(2)(b) for noncompliance with a court order constitutes a form of compensatory civil contempt under MCL 600.1721, this Court lacks jurisdiction to review it in an appeal of right.[3] In *Tadajewski*, this Court held that an order of compensatory civil contempt "is not a final order appealable of right." Although the trial court in *Tadajewski* relied directly on MCL 600.1721 and the trial court here relied on MCR 3.206(D)(2)(b), that distinction is immaterial—the court rule implements the same statutory contempt authority.

Like defendant's challenge to the tax-preparer directive, any challenge to the attorney-fee award had to be brought by application for leave to appeal from "a judgment or order of the circuit court . . . that is not a final judgment appealable of right." MCR 7.203(B)(1).

---

[2] See, e.g., *Hoyt v Hoyt*, unpublished per curiam opinion of the Court of Appeals, issued November 18, 2021 (Docket No. 356019), p 9. This provision was previously located at MCR 3.206(C)(2)(b), where it was likewise construed in conjunction with MCL 600.1721. See, e.g., *Rudd v Averill*, unpublished per curiam opinion of the Court of Appeals, issued December 18, 2018 (Docket No. 340135), pp 3-4; *Hanley v Seymour*, unpublished per curiam opinion of the Court of Appeals, issued October 26, 2017 (Docket No. 334400), p 4; *Marchese v Marchese*, unpublished per curiam opinion of the Court of Appeals, issued June 22, 2017 (Docket Nos. 330925, 331560), pp 11-12.

[3] We note a critical distinction with awards under MCR 3.206(D)(2)(a), which authorizes attorney fees in a domestic relations action when the requesting party "is unable to bear the expense of the action" and "the other party is able to pay." Such awards do not arise under MCL 600.1721, and this Court has repeatedly recognized its jurisdiction under MCR 7.202(6)(a)(iv) to review them. See *Rosin v Rosin*, unpublished per curiam opinion of the Court of Appeals, issued July 25, 2025 (Docket No. 368739), pp 1 n 1, 10-11; *Milanowski v Barlow*, unpublished per curiam opinion of the Court of Appeals, issued August 21, 2018 (Docket No. 338793), pp 2-3; *Morgan v Higginson*, unpublished per curiam opinion of the Court of Appeals, issued January 4, 2007 (Docket No. 261236), pp 3-5.

## IV. CONCLUSION

Although the reasons differ, we conclude that we lack jurisdiction to review each of defendant's issues on appeal. Defendant's challenge to the trial court's order requiring the parties to file a joint tax return seeks review of the July 23 judgment of divorce through an appeal from the October 8 order resolving plaintiff's motion to compel; such review is not permitted. Defendant's challenges to the order requiring her to cooperate with plaintiff's tax preparer and to the award of attorney fees do not fall within the definition of a "final judgment" under MCR 7.202(6)(a)(i), (iii), or (iv), and therefore likewise fall outside this Court's jurisdiction. Accordingly, this appeal is dismissed for lack of jurisdiction.

/s/ Matthew S. Ackerman
/s/ Stephen L. Borrello
/s/ Michael J. Kelly